UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCISCO JAVIER ZAVALA MARTINEZ, RENE MEZA QUIRINO, CARLOS GIOVANNI PEREZ CASTRO, LUIS ADRIAN PEREZ GARCIA, and VICTOR HUGO MAXIMO DIAZ, <br><br> *Plaintiffs*, <br><br> v. <br><br> MANZANA, LLC; N. CASERTANO GREENHOUSES & FARMS, INC.; LAWRENCE WILLIAMS; and JOHN CASERTANO, <br><br> *Defendants*. | No. 3:24-cv-01900-VAB <br><br><br><br><br> March 24, 2025 |

**REPORT OF PARTIES' RULE 26(f) PLANNING MEETING**

Date Complaint Filed:                        December 2, 2024

Date Complaint Served on Defendants:         January 16, 2025 (all)

Date of Defendants' Appearance:              February 14, 2025 (all)

     Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held by telephone on March 13, 2025. The participants were:

     For Plaintiffs: Muneer I. Ahmad (ct28109), Madelyn Finucane (ct31861), Diana Miranda Jimenez (Law Student Intern), Mauricio Gonzalez Sanchez (Law Student Intern), Natalia Poblete (Law Student Intern), Clara Shanabrook (Law Student Intern), Theodore Watler (Law Student Intern), Daniel R. Echeverri*.

     For Defendants: Christopher J. Schulte*.

*Admitted *pro hac vice*.

**I.      CERTIFICATION**

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.     JURISDICTION**

    **A.  SUBJECT MATTER JURISDICTION**

Plaintiffs claim the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332(a)(2), and 1367; 29 U.S.C. §216(b); and 18 U.S.C. §1595(a).  Defendants do not contest the Court's subject matter jurisdiction and further state that each LLC member of Defendant Manzana is a U.S. citizen.

    **B.  PERSONAL JURISDICTION**

Personal jurisdiction is not contested.

**III.    BRIEF DESCRIPTION OF THE CASE**

    **A.  PLAINTIFFS' CLAIMS**

Plaintiffs allege, individually and on behalf of all workers similarly situated, that Defendants engaged in a conspiracy to knowingly recruit, transport, provide or obtain H-2A workers for labor by various coercive means in violation of the Trafficking Victims Protection Reauthorization Act (TVPRA), and that Defendants systemically breached both their H-2A employment contracts and the implied covenant of good faith and fair dealing as part of this scheme. Plaintiffs individually allege Defendants violated the Fair Labor Standards Act, Connecticut common law for conversion, and Connecticut's statutory theft statute.

Plaintiffs allege Defendants undertook a scheme, plan, or pattern, which was intended to cause Plaintiffs and similarly situated workers to believe they would suffer serious harm if they did not labor for Defendants. Plaintiffs allege that the components of this scheme included: severely restricting Plaintiffs' and proposed Class members' movements, isolating Plaintiffs and members of the proposed Class, preventing Plaintiffs and members of the proposed Class from learning about other immigration opportunities in the United States, forbidding Plaintiffs and members of the proposed Class from speaking honestly with investigators from the U.S. Department of Labor, failing to advise Plaintiffs and members of the proposed Class of their rights under the H-2A program, underpaying Plaintiffs and members of the proposed Class, assessing unlawful charges as a company policy, and otherwise creating and exploiting an atmosphere of fear and domination. Plaintiffs allege that Defendants violated the TVPRA, or otherwise knowingly benefitted financially from their participation in a venture which they knew or should have known engaged in an act in violation of the TVPRA.

### B. DEFENDANTS' DEFENSES AND CLAIMS

Defendants categorically deny all of Plaintiffs' claims and assert that Plaintiffs' claims are factually and legally baseless. Plaintiffs chose to work for Manzana, LLC pursuant to H-2A temporary agricultural visas in order to earn more than they could in their home country of Mexico. Each of the named Plaintiffs then chose to return to work for Manzana for one or more subsequent seasons. That is not "human trafficking" nor "forced labor," and Defendants have not violated the TVPRA or any other law. Connecticut law expressly permits employers to pay their employees in the week after the work giving rise to those earnings was performed. The Fair Labor Standards Act exempts "agricultural" labor from the overtime requirements of that law. Plaintiffs traveled from Connecticut to Mexico to visit their families during the slower period of the growing season

and still reached the three-fourths guarantee from the U.S. Department of Labor's H-2A regulations. None of the current complaints regarding travel reimbursements, housing, "recruitment fees," or the timing of wage payments were ever raised to Defendants prior to the Complaint. Plaintiffs' issues with the H-2A visa program, specifically, and the history of foreign visa worker programs, generally, are political questions to be addressed through the APA rulemaking process, not by raising claims against Defendants.

Defendants also assert that this case is not appropriate for class certification. Many of the claims are highly individualized (allegations of individuals requesting "recruitment fees" and the individual motives behind traveling from Connecticut to Mexico, as just two examples). Rule 23 presents insurmountable hurdles precluding Plaintiffs from establishing each of the required elements for class certification.

Plaintiffs are not entitled to any relief on these claims, and moreover:

- Plaintiffs fail to state a claim upon which relief may be granted.

- Without conceding that Plaintiffs have suffered any damages as a result of the allegations in the Complaint, Plaintiffs have failed to mitigate their alleged damages.

- Some of Plaintiffs' claims may be barred by the applicable statute of limitations or the doctrines of laches or waiver.

- The Complaint fails to state facts sufficient to sustain a claim for, or recover of, punitive and/or liquidated damages, and an award of such damages would be contrary to law.

- At all times relevant, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiffs under any federal or state laws, rules, regulations, or guidelines.

Defendants reserve the right to amend or supplement these defenses, file further pleadings, and/or assert additional claims or affirmative defenses as supported by the evidence.

IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:

A. Plaintiffs were employed by Manzana, LLC ("Manzana") during the time periods alleged in the Complaint.[1]

B. Plaintiffs are Mexican nationals who received H-2A temporary agricultural visas to be able to work in the United States during those time periods.

C. Plaintiffs, while employed by Manzana during the time periods alleged in the Complaint,[2] performed work at the premises of NCGF.

D. Manzana provided free housing to Plaintiffs while they worked in the United States.

E. Plaintiffs traveled from Connecticut to Mexico and back during the contract period.

V. **CASE MANAGEMENT PLAN**

A. **INITIAL DISCLOSURES**

The parties request an exemption from the Initial Discovery Protocols in the Court's Standing Order for Fair Labor Standards Act Cases Not Pleaded as Collective Actions. *See* ECF No. 7. The parties believe there is good cause for an exemption because although this case was not pleaded as a FLSA collective action, Plaintiffs have brought class claims which arise from many of the same facts as the FLSA claims. The parties anticipate class-wide discovery on the issues raised by these disclosures, making the Initial Discovery Protocols ill-suited.

The parties will exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(a)(3) within fourteen (14) days of the Rule 26(f) conference. The parties reserve the right to supplement these disclosures.

---

[1] The parties disagree as to whether Plaintiffs were employed by any other Defendants.
[2] The parties disagree as to whether Plaintiffs were employed by any other Defendants.

**B. SCHEDULING CONFERENCE WITH THE COURT**

1. The parties request to hold a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P 16(b).

2. Plaintiffs prefer that a scheduling conference, if held, be conducted in person. Defendants prefer that a scheduling conference, if held, be conducted by telephone or videoconference.

**C. EARLY SETTLEMENT CONFERENCE**

1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. If a settlement conference is ordered, the parties prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D. JOINDER OF PARTIES, AMENDMENT OF PLEADINGS, AND MOTIONS ADDRESSED TO THE PLEADINGS**

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1. Plaintiffs amended their complaint on March 11, 2025, pursuant to Fed. R. Civ. P. 15(a)(1)(B). Pursuant to Fed. R. Civ. P. 15(a)(3), Defendants' response is due fourteen (14) days after service of the amended complaint.

2. The Parties should be allowed until May 9, 2025 to file motions to join additional parties and until May 9, 2025 to file motions to amend the pleadings. Motions filed after the foregoing

dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

### E. DISCOVERY

a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiffs' Position:** Plaintiffs intend to seek discovery on topics including, but not limited to, the following: Proposed class members' travel between Mexico and the United States at the beginning of the season, during the forced vacation period, and at the end of the season; Defendants' documentation of payments related to proposed class members' inbound and outbound travel, including related visa costs; Defendants' H-2A contracts with proposed class members for each season proposed class members worked; Defendants' employment contracts, including job responsibilities, with designated supervisors and "crew leaders"; communications between Defendants and supervisors or "crew leaders," including training materials; hours worked by proposed class members and Defendants' documentation of those hours; Defendants' payments of wages or other compensation to proposed class members and documentation of those payments; Defendants' maintenance and submission to relevant government authorities of H-2A Agricultural Clearance Orders and related H-2A program requirements for seasons in which proposed class members were employed by Defendants; Defendants' maintenance and submission to relevant government authorities of payroll, tax, and other employee records for proposed class members; proposed class members' job duties and the conditions under which those duties were performed;

proposed class members' housing conditions including any relevant documents submitted to government authorities related to proposed class members' housing; communications and agreements between the parties; Defendants' communications with third parties about proposed class members; Defendants' dealings related to products not grown at N. Casertano Farms & Greenhouse, Inc.; Defendants' past violations of minimum wage, overtime, and other labor or employment laws and any investigations thereof; Defendants' coercion and threats to induce the proposed class members to perform work under conditions directed by Defendants, including related to unlawful charges such as end-of-season kickbacks; complaints by proposed class members to Defendants related to wage or conditions; and Defendants' treatment of proposed class members and other workers in the workplace.

Because the bulk of the foregoing discovery topics go to the merits of this case as well as to the propriety of class certification, Plaintiffs oppose phased discovery.

**Defendants' Position:** Defendants propose a two-phase discovery process – precertification discovery on class issues and, once the Court has ruled on class certification, a second-phase of discovery on the merits of the individual (or class) claims asserted. In substance, Defendants intend to seek discovery on the scope and appropriateness of the proposed class, the facts and circumstances of Plaintiffs' legal claims, the identity of all witnesses and documents and other tangible items involved in the issues and allegations set forth in Plaintiffs' Complaint, and Plaintiffs' alleged damages, including but not limited to those alleged in the Complaint. Defendants reserve the right to seek additional discovery on additional subjects and to challenge the relevance of any of the subjects identified by Plaintiffs above or any additional subject identified during discovery.

b. The parties anticipate that discovery will be needed on the following subjects: all matters related to the causes of action and the defenses raised in either Plaintiffs' or Defendants' pleadings and damages analysis, as specified above in Section III. E. a.

c. The parties agree that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be completed (not propounded) by December 5, 2025.

d. Discovery will not be conducted in phases.

e. N/A.

f. The parties anticipate that Plaintiffs will require a total of fifteen (15) depositions of fact witnesses and that the Defendants will require a total of fifteen (15) depositions of fact witnesses. The parties propose fact depositions may commence immediately and be completed by December 5, 2025.

g. The parties may request permission to serve more than twenty-five (25) interrogatories and unlimited requests for admission.

h. Plaintiffs reserve the right to call expert witnesses at trial. Defendants reserve the right to object to any such expert witnesses and to call their own expert witnesses at trial.

i. The parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by October 10, 2025. Depositions of any such experts will be completed by October 31, 2025.

j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by November 14, 2025. Depositions of any such experts will be completed by December 5, 2025.

k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 27, 2025.

l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information ("ESI"), including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of ESI, appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of ESI:

The parties will preserve all ESI and accept disclosure of ESI in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, as searchable PDF documents. Electronic mail should include attachments to the email and indicate to whom the email was addressed and whether it was a reply. Upon request and if reasonably available, a party shall make diligent efforts to produce any electronically-stored document, spreadsheet or database in its native format (*e.g.*, Microsoft Excel and Microsoft Word) rather than in PDF format. To the extent any ESI is preserved only in printed form, such information may be produced in PDF format. The parties will undertake to search their electronically stored records for responsive documents and information by utilizing search terms and procedures known by such party to be reasonably calculated to locate responsive documents and information.

  m. Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:

  The parties will preserve all information stored in paper or other non-electronic forms and accept disclosure of this information via courier or certified mail delivery if it cannot be produced electronically. The parties will undertake to search their paper and non-electronic records for responsive documents and information by utilizing procedures known by such party to be reasonably calculated to locate responsive documents and information.

  n. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

  The parties jointly request, under Federal Rule of Evidence 502(d), an order regarding claims of attorney-client privilege or protection as attorney work product asserted after inadvertent production as follows: As soon as practicable after a claim of attorney-client privilege or protection as attorney work product arises or is identified after inadvertent production of any information or documents, the party claiming such privilege shall notify the opposing party in writing, including identification of the claimed document(s) by Bates Stamp number, if any, the basis for such claim of privilege or protection, and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection. Within seven (7) days of receiving notice of such a claim for privilege, the receiving party will notify the producing party if it agrees with the claim of privilege. If the parties are in agreement with respect to the claim of privilege or protection,

11

the receiving party shall immediately return all copies (electronic and paper) to the producing party or otherwise agree and certify as to its destruction, and the receiving party shall not use such information or documents for any purpose. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material. If the parties are not in agreement with respect to the claim of privilege or protection as attorney work product, the claimed documents shall be segregated from all other materials and within thirty (30) days of the communicated claim of privilege or protection, the party asserting the existence of such privilege or protection shall file a motion for a protective order with the Court.

### E.I. POST-DISCOVERY TELEPHONIC STATUS CONFERENCE

The parties propose January 23, 2026 for a Post-Discovery Telephonic Status Conference.

### F. OTHER SCHEDULING ISSUES

The parties have not identified any other scheduling issues at this time.

### G. SUMMARY JUDGMENT MOTIONS

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before sixty days from the close of discovery.

### H. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within thirty (30) days after the Court rules on the last dispositive motion. If dispositive motions are not filed, the joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed forty-five (45) days after the deadline for completion of discovery.

## VI. TRIAL READINESS

If dispositive motions are filed, the case will be ready for trial thirty (30) days from the filing of the Joint Trial Memorandum unless delayed by a request for jury and jury selection. If no dispositive motions are filed, the case will be ready for trial forty-five (45) days from the filing of the Joint Trial Memorandum unless delayed by a request for jury and jury selection.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Dated: March 24, 2025

/s/ Muneer I. Ahmad
Muneer I. Ahmad (ct28109)
Madelyn Finucane (ct31861)
Mauricio Gonzalez Sanchez, Law Student Intern
Diana Miranda Jimenez, Law Student Intern
Natalia Poblete, Law Student Intern
Clara Shanabrook, Law Student Intern
Gabriela Torres-Lorenzotti, Law Student Intern
Theodore Watler, Law Student Intern
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4716
*Counsel for Plaintiffs*

/s/ Jeremy M. Creelan
Jeremy M. Creelan*
Angela L. Zhang*
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 891-1678

        Daniel R. Echeverri*
        JENNER & BLOCK LLP
        353 North Clark Street
        Chicago, IL 60654
        Tel: (312) 840-7294
        *Counsel for Plaintiffs*

        <u>/s/ Kevin R. Brady</u>
        Kevin R. Brady (ct22135)
        FISHER & PHILLIPS LLP
        400 Connell Drive, Suite 4000
        Berkeley Heights, NJ 07922
        (212) 710-1909

        Christopher J. Schulte*
        FISHER & PHILLIPS LLP
        1401 New York Avenue, N.W., Suite 400
        Washington, DC 20005
        (202) 559-2440
        *Counsel for Defendants*

*Admitted *pro hac vice*.